**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the November 13, 2010,
Pacquaio/Margarito Broadcast,

                        Plaintiff,

-vs-                                                 Case No.  2:11-cv-363-FtM-29SPC

KRISTIAN V. ALEKOV, individually, and as
officer, director, shareholder, and/or principal of
WM Enterprises LLC, d/b/a Ultra Naples, a/k/a
ULTRA NIGHTCLUB, DAVID P. EDENFIELD,
individually, and as officer, director, shareholder,
and/or principal of WM Enterprises LLC, d/b/a
Ultra Naples, a/k/a ULTRA NIGHTCLUB,
TIFFANY J. ALEKOV, individually, and as officer,
director, shareholder, and/or principal of WM
Enterprises LLC, d/b/a Ultra Naples a/k/a ULTRA
NIGHTCLUB, WM ENTERPRISES LLC, doing
business as Ultra Naples, also known as ULTRA
NIGHTCLUB,

                        Defendants.
_____

**<u>ORDER</u>**

      This matter comes before the Court on the Plaintiff, J & J Sports Productions, Inc.'s Motion for Entry of Clerk's Default against the Defendants Kristian V. Alekov, Tiffany J. Alekov, and WM Enterprises, d/b/a Ultra Naples (Doc. #14) filed on October 13, 2011.  Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

      The Plaintiff moves for a Clerk's Default against the Defendants, Kristian Alekov, Tiffany J. Alekov, and WM Enterprises, d/b/a Ultra Naples, d/b/a Ultra Nightclub.  The Plaintiff filed a

Return of Service for each Defendants (Docs. # 8, 9, 10).  However, upon review of the Returns, the Court cannot determine that service in this instance was effectual.  Each Return states "I Edwin Cintron being duly sworn, depose and say that on the 30th day of August, 2011 at 6:30pm, I: individually served the within named person with a true copy of this summons, complaint . . . ."  Cintron also stated that  "after numerous attempts a neighbor at 9669 Blue Stone Circle,ultimately confirmed that the Defendant is out of town until the end of August on vacation. Gate guard confirms the Defendant has not been seen in a while."

Generally, a return has the name of the individual served inserted into the Return where the Plaintiff merely states ". . . individually served the within named person . . . ."  As an example, the Plaintiff filed an unexecuted Return of Service (Doc. # 7) on August 8, 2011.  In the unexecuted Return of Service, the Plaintiff states plainly that service could not be executed on David P. Edenfield rather than stating service could not be executed on the within named person.

The information provided by the Plaintiff in the Returns is therefore somewhat contradictory and does not provided the Court with a clear statement that service was effective on each of the named Defendants.  Thus, based upon the evidence presented to the Court, it cannot be determined and in fact appears that service in the case was ineffectual.  Therefore, the Motion for a Clerk's Default is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, J & J Sports Productions, Inc.'s Motion for Entry of Clerk's Default against the Defendants Kristian V. Alekov, Tiffany J. Alekov, and WM Enterprises, d/b/a Ultra Naples (Doc.

#14) is **DENIED**. The Plaintiff is given leave to file a new motion for Clerk's Default after properly filled out returns are filed with the Court.

      **DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of October, 2011.

                                            SHERI POLSTER CHAPPELL
                                            UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record